RUFFNER, McDOWELL & BURCH, INC., Appellant,

v.

The S.S. COSTA RICA, her engines, boilers, tackle, apparel, etc., and Marina Mercante Nicaraguense, S. A., Appellee.

No. 382, Docket 31011.

United States Court of Appeals Second Circuit.

Argued March 23, 1967.

Decided May 12, 1967.

re Rachlin's Will, 133 N.Y.S.2d 151, 152 (Surr.Ct.1954) (citations omitted).

Anthony B. Cataldo, New York City, for appellant.

Michael J. Ryan, New York City (Cichanowicz & Callan, New York City, on the brief), for appellee.

Before MOORE and HAYS, Circuit Judges, and DOOLING,[*] District Judge.

MOORE, Circuit Judge:

This is an appeal from an order dismissing the second libel filed for certain cargo damage. We affirm.

In July 1961, some 12,729 bags of coffee were shipped under three different Bills of Lading to appellant Ruffner, McDowell & Burch, Inc. (Ruffner) in New York from Acajutla, Nicaragua on board the SS Costa Rica, a ship owned by appellee Marina Mercante Nicaraguense, S.A. (Marina). After arrival in New York on July 28, 1961, the coffee was inspected on the dock and some damage was noted. Between August 10 and September 22, the coffee was delivered to Ruffner, the bulk of it (some 6,800 bags) being picked up and stored by the Pennsylvania Railroad Company (Pennsylvania) at Ruffner's request pending further transit. A re-inspection in late September of the coffee stored in the Pennsylvania's warehouse disclosed additional damage mainly due to wetting. Ruffner was not sure whether this additional damage was sustained while the coffee was in Marina's possession, but went unnoticed by the dock inspection, or whether the damage occurred while the coffee was stored at the Pennsylvania's warehouse.

Ruffner sent three claims, one for each Bill of Lading, covering the full amount of damage to Marina's New York agent (hereafter referred to simply as Marina) —two claims dated June 29, 1962, the other July 6, 1962. On July 31, 1962,

Ruffner filed a first libel in admiralty against the SS Costa Rica and Marina. Apparently, the ship was not attached; against Marina the libel was in personam. As the filing of the libel was within one year of the delivery of the coffee to Ruffner, it was timely under the applicable provision of the United States Carriage of Goods by Sea Act.[1] However, under a condition of the Bills of Lading, suit "shall not be considered to have been brought within [one year] unless process shall have been actually served and jurisdiction obtained within such time." Thus, the limitations period would not be tolled until Marina was "actually served." As it was, a copy of the first libel was not mailed to Marina until April 5, 1963 and personal service of process was not effected until August 24, 1964, some three years after delivery of the coffee to Ruffner. By order of September 16, 1964, the first libel was dismissed "without prejudice" after a hearing before Judge Ryan. Ruffner appealed to this Court from the dismissal.

Ruffner filed a second libel on November 19, 1964 and process was served on Marina on November 23. In its answer, Marina raised the defense of time bar, to which defense Ruffner filed exceptions. Ruffner gave notice of a hearing on the exceptions (as the old admiralty practice was) and Marina moved for summary judgment at the same time on the grounds of time bar. At the subsequent hearing, Judge Ryan suggested that perhaps Ruffner might be able to defeat Marina's time bar defense on the grounds of estoppel. The record shows, for example, that Ruffner and Marina and their respective attorneys did exchange several letters concerning the claims. Nothing contained in the record, however, demonstrates that Marina waived the one-year limitations period or misled Ruffner so that Marina should

---

[*] Sitting by designation, from the Eastern District of New York.

1. Providing in pertinent part:
"the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods * * *." 46 U.S.C. § 1303(6). For purposes of this section, "suit is brought" by the filing of a libel rather than by personal service. See Ore Steamship Corp. v. D/A A/S Hassel, 137 F.2d 326 (2d Cir. 1943).

now be estopped from raising the limitations defense. Judge Ryan apparently believed that Ruffner might be able to allege sufficient additional facts to make out an estoppel, and therefore issued the following order, dated February 24, 1965:

"Motion to strike affirmative defense of statute of limitations denied, exceptive allegations are overruled, libelant to respond to answer as filed within ten days from date hereof, respondent's motion for summary judgment denied, so ordered."

Ruffner, however, instead of responding to Marina's answer, took an appeal to this Court consolidating the appeal with its earlier appeal from Judge Ryan's dismissal of the first libel. On November 1, 1965, this Court unanimously affirmed the September 16, 1964 dismissal of the first libel and dismissed the appeal from Judge Ryan's February 24, 1965 order.

In the meantime, Ruffner had commenced an action in the district court against Pennsylvania for the same cargo damage, and by notice served on July 22, 1966 moved to consolidate the admiralty suit and the law action. Marina then made a motion for summary judgment. By order dated September 12, 1966, Judge Wyatt granted Marina's motion for summary judgment and dismissed the second libel, ruling (1) that there was no genuine issue as to any material fact concerning the bar of the limitations period, (2) that Ruffner could not raise an estoppel claim as it had failed to respond within the ten-day period set by Judge Ryan's February 24, 1965 order, and (3) that, at any rate, on the basis of the record there was no genuine issue as to any material fact in respect to waiver or estoppel, and on the facts there was no estoppel. Judge Wyatt did not believe his granting of relief to Marina was in any way inconsistent with Judge Ryan's prior order, but stated that, even were the two orders to be inconsistent, he was not bound by Judge Ryan. Ruffner appeals from Judge Wyatt's order.

On this appeal, Ruffner argues that its claim to estoppel raised a triable issue involving material issues of fact that could not be resolved on a motion for summary judgment. Ruffner also argues that Judge Ryan having denied summary judgment on the defense of time bar, Judge Wyatt could not thereafter grant a later renewed motion for the same relief.

We believe Judge Wyatt was correct in holding Marina's time bar defense dispositive of the second libel. The second libel was brought well after the one-year limitations period had run. The failure of Ruffner to allege additional facts supporting an estoppel claim within the ten-day period set by Judge Ryan's February 24, 1965 order forecloses Ruffner from urging the claim now. Moreover, on the basis of the record before us, we believe it extremely unlikely that Ruffner could allege any additional facts making out an estoppel. The dismissal of the first libel "without prejudice" was affirmed by this Court. We do not read the phrase "without prejudice" to mean, as Ruffner urges, that a second libel should be deemed to have been brought at the time the first libel was brought, leaving Ruffner free to argue the somewhat plausible proposition (although unsupported by this record) that Marina was estopped from claiming that the first libel was untimely. Ruffner has had its day in court to argue that the first libel was wrongfully dismissed. If Marina's conduct had led Ruffner not to diligently prosecute the first libel, this fact should have been developed on the appeal from the dismissal of that libel. But even if the estoppel had been developed then, or under the responsive pleading in the present action that Chief Judge Ryan allowed to plaintiff, the estoppel would evidently have related to the extension of time to sue until April 28, 1963, that defendant had granted, and to plaintiff's possible misreliance on defendant's silent retention from April 5th to May 20, 1963, of the mailed copy of the libel. Plaintiff's prolonged failure to seek any relief

against defendant after May 20, 1963, when defendant returned the libel, precludes the establishment of an estoppel to plead the bar of the statute and of the bill of lading.

Affirmed.